IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Isabel S. Galligan, | No. CV 06-657-TUC-FRZ (HCE) |
| Plaintiff, | **ORDER** |
| vs. |  |
| Michael J. Astrue, Commissioner of Social Security, |  |
| Defendant. |  |

Pending before the Court is a Report and Recommendation issued by United States Magistrate Judge Hector C. Estrada whereby he recommends granting in part Plaintiff's motion for summary judgment to the extent the case is remanded to the Administrative Law Judge ("ALJ") to conduct further proceedings.[1]

As throughly explained by Magistrate Judge Estrada, remand is necessary for further proceedings with regard to evidence of fibromyalgia including Dr. Soltani's June 2004 report which may affect the ALJ's severity analysis and his findings with regard to Plaintiff's allegations of mental impairment, physical therapist McLearran's report, Plaintiff's credibility, and the impact of Plaintiff's obesity (i.e., the ALJ's errors may affect the entire sequential disability analysis). Defendant filed several objections to the Report and Recommendation; however, the Report and Recommendation covered the issues reflected in the objections and appropriately found that remand was necessary in this case. For example, while Defendant asserts that the ALJ appropriately dealt with the fibromyalgia

---

[1]The Court reviews de novo the objected-to portions of the Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court reviews for clear error the unobjected-to portions of the Report and Recommendation. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *see also Conley v. Crabtree*, 14 F. Supp. 2d 1203, 1204 (D. Or. 1998).

issue throughout the evaluation process such that remand is unwarranted, the Report and Recommendation correctly found that the ALJ failed to properly consider the impact of fibromyalgia at Step Two of his evaluation which in turn may have tainted the remainder of the sequential disability evaluation process. *See* Report and Recommendation at 42-48; Objections at 2-4; Report and Recommendation at 50-56. Similarly, Defendant argues that the ALJ appropriately addressed issues relating to Plaintiff's plantar fasciitis, mental impairment, credibility, obesity, and McLearran's report such that remand on these issues is not required; however, the Report and Recommendation addressed these issues in detail and correctly found that outstanding issues remain to be resolved such that a remand for further proceedings is necessary. *See* Report and Recommendation at 48-56.

Accordingly, IT IS HEREBY ORDERED as follows:

(1) The Report and Recommendation (Doc. #25) is accepted and adopted.

(2) Plaintiff's motion for summary judgment (Doc. #14) is granted to the extent this matter is remanded for further proceedings.

(3) Defendant's cross-motion for summary judgment (Doc. #20) is denied.

(4) This case is remanded for further proceedings consistent with the Report and Recommendation which has been accepted and adopted by the Court.

(5) The Clerk of the Court shall enter judgment and close the file in this case.

DATED this 1st day of September, 2009.

FRANK R. ZAPATA
United States District Judge